[S. F. No. 19458. In Bank. Nov. 5, 1957.]

T. A. MINARDI, Plaintiff and Appellant, v. E. A. COLLOPY et al., Defendants; A. L. CASTLE, INC. (a Corporation), Third Party Claimant and Appellant; JOHN L. STEVENSON, Third Party Claimant and Respondent.

Rankin, Oneal, Luckhardt, Center & Hall and Longinotti for Plaintiff and Appellant.

Hession, Robb & Creedon, Ross E. Hamlin, Jr., and David W. Brown for Third Party Claimant and Appellant.

LeRoy A. Broun for Third Party Claimant and Respondent.

SHENK, J.—These are appeals by the plaintiff in the one instance, and by the third party claimant A. L. Castle, Inc., in the other, from orders made during proceedings pursuant to

the garnishment of funds owing to the defendants from the sale of a bean crop grown by them.

The plaintiff commenced an action on a promissory note for $11,870.43 and for an accounting of one-half the proceeds from the sale of the bean crop allegedly assigned to him by the defendants. On August 3, 1954, he caused a garnishment to be levied on the funds then due from the crop sale. On August 25, the third party claimant, John L. Stevenson, filed with the sheriff his claim on funds which might come into the sheriff's possession pursuant to the garnishment, claiming under an alleged crop mortgage and assignment from the defendants. Thereafter the Castle corporation filed its claim with the sheriff based on an alleged first assignment from the defendants.

Judgment was entered for the plaintiff against the defendants and on levy of execution the garnishee delivered to the sheriff the sum of $4,377.84 due on the sale of the crop and in its possession. By agreement of the plaintiff and the third party claimants a hearing on the question of title to the fund was set for December 20. Prior to that time, however, counsel for Stevenson, by letter to the court, requested that the matter be placed off calendar on the ground that the third party claims had been filed at a time when no funds were in the hands of the sheriff and were therefore premature. An ex parte minute order was made on December 14 placing the matter off calendar. On or about that same day Stevenson filed a new third party claim, as did Castle on the 17th of December. Both claims were similar to their predecessors except that the cash credits were now described as in the hands of the sheriff.

On the 20th of December the plaintiff, who had no previous notice that the matter had been ordered off calendar, appeared and urged that it be heard. The court consented to hear him and granted his motion to dismiss the petition of third party claimants, the minute order reading: "December 20, 1954, Cause before the Court on oral motion of Mr. J. E. Longinotti, Esq., counsel the motion to dismiss the petition of Third Party Claim is presented and submitted to the Court. Whereupon the Court makes its order dismissing the Petition for Third Party Claim." However, the written order prepared by the plaintiffs' attorney and signed by the judge in addition to ordering a dismissal "FURTHER ORDERED that the Third Party Claim filed by the said JOHN L. STEVENSON on August 25, 1954, and the Third Party Claim filed by A. L. CASTLE,

INC., on September 24, 1954, be and the same are hereby adjudged to be of no force and effect and that said third party claimants were not entitled to possession of the personal property involved in this proceeding at the time the same was levied upon. . . ."

On December 22, Stevenson again filed a petition to determine title alleging the subsequent filing of the third party claims by himself and Castle. The matter was set for hearing on January 11, 1955. The plaintiff moved to strike the petition, asserting that the matter had been determined on December 20. The motion to strike was granted on January 11, the court indicating that the third party claimants had not sought the proper remedy. Thereafter Stevenson reached an agreement with the plaintiff as to sharing the fund received from the garnishee and Stevenson filed a dismissal of his second petition to determine title. Castle did not join in the agreement nor in the dismissal.

On April 6, 1955, Castle filed a notice of motion to correct the written order of December 20 to conform to the minute order of that date. After a hearing the court on May 3 entered an order amending the prior written order to so conform. The plaintiff appeals from the order of May 3. Castle then filed a notice of motion in form to correct the order of January 11, but in effect for an order to grant a hearing on the merits of the title contest. Castle urges that a hearing should be had because, it contends, the court in striking the petition to determine title on January 11 was influenced by its prior order which indicated that the third party claims were not meritorious, whereas the record had since been corrected to show that no such determination had been made. The court by minute order of June 16 denied the motion to set aside, reciting only that the petitioner Stevenson had abandoned the petition for hearing to determine title. The subsequent written order of June 17 does not state the ground for denial. Castle appeals from the orders of June 16 and 17.

The question as to both the appeal by the plaintiff and the appeal by Castle is whether the court in making its order of December 20 in the one case and its order of January 11 in the other acted inadvertently rather than in the exercise of a judicial discretion. It appears that the plaintiff's appeal from the order of May 3, which modified the order of December 20, is not well founded for the reason that there is nothing to indicate that the court intended its written order

of December 20 to be different from the minute order of that date or that the minute order did not reflect the true intention of the court. It is primarily for the trial judge to determine whether a decision misstated his real intention and whether the judgment as signed was an inadvertence. The trial court, independently of statute, has the power to correct its mistakes and amend its orders which are not the result of an exercise of judicial discretion. (*Phillips* v. *Trusheim*, 25 Cal.2d 913, 916 [156 P.2d 25] ; *Estate of Burnett*, 11 Cal.2d 259, 262 [79 P.2d 89].)

As for Castle's appeal it is claimed that Stevenson cannot, without court approval or the concurrence of interested parties, effectively dismiss its petition for determination of title as to another third party claimant whose claim is also within the cognizance of the order setting a hearing, although such other third party claimant has not requested a hearing. It is not necessary to consider this contention as there are other grounds on which the order must be affirmed. Accordingly, we do not pass on that question.

Castle further contends, in support of its appeal, that as in the case of the order of December 20, the court should have set aside its order of January 11 under its inherent power to correct orders which it has inadvertently made and which were not the result of an exercise of judicial discretion. It claims that the court was proceeding under a mistake or misapprehension as to the state of the record in that the trial judge who made the order of January 11 relied on the order of December 20, made in a different department of the court, as having been made on the merits of the third party claims. The only evidence in the record bearing on the question of what prompted the court's decision on January 11 is contained in a statement made by the trial judge at that time as follows: ''Without passing on the merits of your position or your position with regard to what the Court has before it, and what the Court should have done at that time, I don't think this is your proper remedy. I certainly am not going to set aside the judgment of another department or Court. I think you may have a remedy, but I don't think this is it.'' It is not apparent from the above statement, as Castle claims, that the court acted in reliance on the portion of the order of December 20 to the effect that the claims of the third parties were of no force and effect. The court may well have considered the prior dismissal to have been entered because of a procedural failure on the part of the moving parties and accordingly held that the claimants were then foreclosed from

presenting their claims at a new hearing. In any event it appears certain that the order of January 11 was based upon the court's conclusion that the third party claimants failed to pursue the proper remedy, and as to that conclusion the court exercised judicial discretion. The trial judge who made the June orders denying the motion to amend was the same judge who made the order of January 11 which was sought to be amended. ▆▆▆ As stated, it is primarily for the trial judge to determine whether his order was an inadvertence and his conclusion as to that question will not be lightly set aside. (*Bastajian* v. *Brown*, 19 Cal.2d 209, 214 [120 P.2d 9].)

▆▆▆ In order to entitle Castle to the relief sought it is not enough to show merely that the order of January 11 resulted from judicial error. Such error may not be corrected except pursuant to statutory procedures. (*Phillips* v. *Trusheim, supra*, 25 Cal.2d 913, 916; *Stevens* v. *Superior Court*, 7 Cal.2d 110 [59 P.2d 988].) ▆▆▆ Castle failed to appeal either from the order of December 20 or the order of January 11. Its attempt to attack the order long after the time for appeal has expired and without making a showing of inadvertence on the part of the court constitutes an attack which falls within the well established rule that an order within the jurisdiction of the court, even though erroneous, is conclusive against a collateral attack. ▆▆▆ On such attack every presumption is in favor of the validity of the judgment or order and any condition of facts consistent with its validity and not affirmatively contradicted by the judgment roll will be presumed to have existed. (*Phelan* v. *Superior Court*, 35 Cal.2d 363, 373-374 [217 P.2d 951].)

▆▆▆ On the showing made the court properly exercised its inherent power in ordering the amendment of its written order of December 20, 1954, to conform to its minute order of that date, and in dismissing the motion to amend its order of January 11, 1955.

In view of the foregoing other contentions of the parties need not be determined.

The orders are affirmed. The parties are to bear their own costs on appeal.

Gibson, C. J., Carter, J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.

The petition of the third party claimant and appellant for a rehearing was denied December 4, 1957.