[Civ. No. 17870.   First Dist., Div. One.   Jan. 21, 1959.]

K. KROUZIAN, Appellant, v. ARAM L. HAGOPIAN, as Administrator, etc., Respondent.

Claude D. Perasso for Appellant.

Gately & Gately, Nubar Tashjian and Ralph Bancroft for Respondent.

BRAY, J.—Plaintiff appeals from an order denying his motion to vacate a previous judgment and to enter a different judgment.

QUESTION PRESENTED

Were the previous findings of fact, conclusions of law and judgment signed and entered through the trial court's inadvertence and mistake?

RECORD

After a trial on April 26, 1957, the trial judge on May 8 signed findings of fact and conclusions of law, and on May 9 signed and had entered a judgment in favor of plaintiff for $200 (based on plaintiff's second cause of action), in favor of defendant on plaintiff's first cause of action, and granting defendant a nonsuit on plaintiff's third cause of action. Thereafter plaintiff moved to set aside said judgment and to substitute a different judgment therefor on the ground that the findings do not support the judgment, as the findings find in effect that all of the allegations of plaintiff's first and second causes of action are true, yet the conclusions of law and judgment state that defendant is entitled to judgment against plaintiff on the first cause of action.[1] On June 5[2] a minute order signed by the trial judge was entered which stated: "Order of the Court in the above-entitled matter. It appearing to the Court that the Findings of Fact and Conclusions of Law heretofore signed on May 8, 1957, and the Judgment herein signed May 9, 1957, were signed and entered herein by said Court through the said Court's own inadvertence, improvidence and mistake and that the said Findings of Fact and Conclusions of Law and said Judgment do not conform to or represent the views of the Court heretofore expressed and the intention of the said Court, now on said Court's own motion the signing and entry of said Findings of Fact and Conclusions of Law and said Judgment are ordered vacated and set aside and counsel for the defendant is ordered and directed to prepare and submit Findings of Fact and Conclusions of Law and a form of Judgment consistent with the Court's views heretofore expressed. It is further ordered that the motion to vacate judgment and enter a different judgment filed by plaintiff herein be and the same is hereby denied."

---

[1]The motion as made was limited to correcting the findings and judgment as to the first cause of action only for the reason that the findings found that all of the allegations of the first and second causes of action in plaintiff's complaint were true and yet the judgment was that defendant have judgment on the first cause of action.

[2]The motion was noticed for May 28. The record fails to show what, if anything, happened that day. Plaintiff contends that the motion was granted. There is no evidence or record to that effect.

INADVERTENCE AND MISTAKE

It is obvious by comparing the findings relating to the first cause of action with the conclusions of law and judgment that a mistake was made in either the findings or the conclusions of law and judgment as to that cause of action. The findings found the facts to be practically as alleged in that cause of action.[3] Thus either the findings on that first cause of action were correct and the conclusions and judgment were wrong, or vice versa. The trial judge said in the minute order that the findings of fact and conclusions of law and judgment were not those expressed by her. It clearly appears that they could not have been as no judge would intentionally sign such contradictory documents. ▉ It is well settled that a court has the power, regardless of the lapse of time, to correct judgments and orders on its own motion so as to make them conform to the judicial decision actually made. This power exists independently of statute. (*Meyer* v. *Porath* (1952), 113 Cal.App.2d 808, 811 [248 P.2d 984]; *Culligan* v. *Leider,* 65 Cal.App.2d 51 [149 P.2d 894]; *Smith* v. *Smith,* 157 Cal. App.2d 658, 661 [321 P.2d 886].) ▉ Or as stated in *Minardi* v. *Collopy* (1957), 49 Cal.2d 348, 352 [316 P.2d 952]: "It is primarily for the trial judge to determine whether a decision misstated his real intention and whether the judgment as signed was an inadvertence. The trial court, independently of statute, has the power to correct its mistakes and amend its orders which are not the result of an exercise of judicial decision." See *Bastajian* v. *Brown* (1941), 19 Cal.2d 209 [120 P.2d 9], holding that a court can vacate and correct its judgment both under section 473, Code of Civil Procedure, and its inherent power, whenever the judgment has been made inadvertently or by mistake. See *Morgan* v. *State Board of Equalization* (1949), 89 Cal.App.2d 674, 677 [201 P.2d 859], holding that the trial court may correct a clerical error without notice and on ex parte application. ▉ The court, of course, has no power to correct a judicial mistake. (*McKannay* v. *McKannay,* 68 Cal.App. 709 [230 P. 218]; *Stevens* v. *Superior Court,* 160 Cal.App.2d 264, 270 [325 P.2d 204].) But such is not the case here. As stated before, a mere comparison of the findings with the conclusions and judgment show the inadvertence and mistake. It well corroborates the

---

[3]The difference between the two causes of action is that the first one sought rent for the period when plaintiff alleged that his property was occupied by the decedent, and the second sought rent for the period of alleged occupancy by the defendant administrator.

judge's statement in the minute order. There is nothing in the record to the contrary. For that reason we deem it unnecessary to determine whether a trial court's statement of inadvertence and mistake, unsupported by anything else in the record, is sufficient to prove that a judgment as signed was not the intended judgment.[4]

As the findings, conclusions of law and judgment as to the first cause of action were inadvertently signed and when corrected as originally intended will be consistent rather than contradictory, as now, the court properly denied plaintiff's motion to enter a judgment which would be inconsistent with the findings as intended.

The order is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

[4]In another case this day decided, *Nacht* v. *Nacht, post,* p. 254 [**334** P.2d 275] that very question was in issue and decided.