[Crim. No. 3698. First Dist., Div. One. Feb. 3, 1960.]

THE PEOPLE, Respondent, v. JOSEPH FRANK FLORES, Appellant.

Joseph Frank Flores, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and Joseph I. Kelly, Deputy Attorney General, for Respondent.

BRAY, P. J.—Appeal by defendant in propria persona from a superior court order correcting an abstract of judgment.

## Questions Presented

1. Should the appeal be dismissed for alleged failure to file notice of appeal in time and to cite authorities in opening brief?

2. Power of court to correct an abstract of judgment.

1. *Should Appeal Be Dismissed?*

No. It appears that while defendant's notice of appeal did not reach the county clerk's office until 4 days after

the 10 days prescribed by rule 31, Rules on Appeal, the records and procedures of the prison where defendant is incarcerated indicate that defendant presented his notice of appeal to the prison authorities on the 10th day after judgment entered. It was mailed the next day (a Friday) and was received by the county clerk on the following Monday. This brings the case directly within the ruling in *People* v. *Dailey,* 175 Cal.App.2d 101, 107 [345 P.2d 558], where we held ''delivery by defendant of his notice of appeal to the prison authorities on the tenth day was a constructive filing in the county clerk's office as of that day.''

Defendant's opening brief cites no authority to support his contention that the trial court had no power to correct the judgment (possibly, because there is none). As stated in *People* v. *MacArthur* (1954), 125 Cal.App.2d 212, 217 [270 P.2d 37], this court could, if it wished, dismiss the appeal because of this lack of citation of authorities. However, the matter is one in the discretion of this court and we prefer to consider the contention urged.

2. *The Court Had Power to Correct the Abstract of Judgment.*

August 29, 1958, after conviction by a jury of two felonies (1) violation of section 211, Penal Code (robbery), and (2) violation of section 4532, Penal Code (escape), defendant, together with his counsel, was present for sentence. The court then denied defendant's application for probation on the first count and then pronounced judgment, sentencing defendant to the state prison for the term prescribed by law and ''ORDERED, ADJUDGED AND DECREED . . . that the terms herein provided shall run CONSECUTIVELY as to the two offenses set forth in said information, but CONCURRENTLY with any other sentence heretofore imposed upon this defendant.'' The rough minutes of the clerk for that date noted : ''Probation denied— 1st count. State Prison—*consec.* as to two offenses charged and *concurr.* with any other term now obligated to serve.'' (Emphasis added.)* However, the abstract of judgment, entered August 29, ordered : ''That the term of imprisonment imposed on the second count of the information shall run *concurrently* with the term imposed on the first count thereof.'' (Emphasis added.) May 18, 1959, the trial court entered an order correcting the abstract of judgment. This order recites : ''It appearing to the Court that a clerical error exists in the abstract of

*Defendant appealed from this judgment but dismissed his appeal.

judgment in this cause, dated August 29, 1958, it is hereby ordered that said abstract of judgment be corrected" to read "That the term of imprisonment imposed on the second count of the information shall run *consecutively* to the term imposed on the first count hereof and start at the expiration thereof." (Emphasis added.)

Defendant contends that as the judgment has become final, the trial court lacked jurisdiction to correct it. In the first place, the judgment itself was not corrected. It was only the abstract of that judgment which was corrected to conform to the judgment as pronounced. The judgment is made by the court; the abstract of judgment is made by the clerk. Secondly, a court always has the inherent power to correct clerical errors in its records and in its judgments, and here it clearly appears from the judgment as pronounced and the rough minutes that the error in the abstract of judgment was clerical and inadvertent.

Independently of statute and on its own motion or on ex parte applications without notice, and regardless of time elapsed, the court may exercise its power to correct clerical errors. (*Krouzian* v. *Hagopian* (1959), 167 Cal.App.2d 251, 253 [334 P.2d 285]; *Minardi* v. *Collopy* (1957), 49 Cal.2d 348, 352 [316 P.2d 952]. In *Tafarella* v. *Hand* (1959), 185 Kan. 613 [347 P.2d 356], appears an exhaustive discussion of the duty of a court to correct an error in the record of a judgment.) This power exists in criminal as well as civil cases. (*People* v. *Ward* (1904), 141 Cal. 628, 631 [75 P. 306].) The power may be exercised after an appeal has been taken and finally determined. (*LaMar* v. *Superior Court* (1948), 87 Cal.App.2d 126, 129 [196 P.2d 98].) The test between a clerical and judicial mistake is simply whether the challenged record was made or entered inadvertently (clerical error) or advertently (judicial error). (*Nathanson* v. *Murphy* (1957), 147 Cal.App.2d 462, 469 [305 P.2d 710]; 3 Witkin, California Procedure, p. 1894.)

In *LaMar* v. *Superior Court, supra,* 87 Cal.App.2d 126, 130, the court was considering a formal judgment which did not conform to the conclusions of law signed by the court. In holding that "Not only did the court have power to amend the judgment" to conform to the conclusions, "it was its definite and manifest legal duty so to do." (P. 131.) The court said further: "The court has nothing to do with the entry of a judgment, since that is a duty devolving on the clerk of the court who is but an instrument of the court to

make a correct memorial of its orders. . . . It is the ministerial duty of the clerk to enter a judgment 'in conformity to the decision of the court.' . . .'' (P. 130.) ▮ So here, it was the duty of the clerk to make both a formal judgment and an abstract in conformity to the judgment pronounced by the court. The failure of the clerk so to do as to either one or both would be merely a clerical inadvertence. Being clerical, the clerk could have corrected the error himself. By having an order of the court for the correction, a judicial finding and record is made to the effect that the error was clerical. (See *Minardi* v. *Collopy, supra,* 49 Cal.2d 348, 353, and *Bastajian* v. *Brown* (1941), 19 Cal.2d 209, 214 [120 P.2d 9], for the effect of such a finding.)

The order is affirmed.

Tobriner, J., and Duniway, J., concurred.