[Crim. No. 14327. In Bank. Dec. 21, 1970.]

In re RUBEN R. CANDELARIO on Habeas Corpus.

## COUNSEL

Ruben R. Candelario, in pro. per., Robert K. Puglia, under appointment by the Supreme Court, and McDonough, Holland, Schwartz, Allen & Wahrhaftig for Petitioner.

Thomas C. Lynch, Attorney General, Edward A. Hinz, Jr., and James T. McNally, Deputy Attorneys General, for Respondent.

## OPINION

**WRIGHT, C. J.**—Petitioner was convicted by a jury in 1964 of selling heroin. (Health & Saf. Code, § 11501.) The information also alleged that he had suffered a 1953 felony conviction for possession of marijuana.[1] (Health & Saf. Code, § 11530.) At the time of arraignment for plea, petitioner pleaded not guilty to the substantive offense, but admitted the prior felony conviction. The court entered its judgment on May 27, 1964. Although the minutes of the court for that date and the abstract of judgment dated May 27, 1964, recite that petitioner was convicted of the heroin offense, neither contains a finding on the 1953 conviction. Each declares only that petitioner was found guilty of the substantive offense.

Petitioner was remanded to the custody of the sheriff on May 27, 1964, for delivery to the Department of Corrections for the term prescribed by law. Subsequently, on June 31, 1964, the trial court filed an amended abstract of judgment to which the prior conviction had been added. The 1964 conviction was affirmed on appeal. (*People* v. *Candelario* (1965) 239 Cal.App. 2d 68 [48 Cal.Rptr. 694].)

In this habeas corpus proceeding we consider the effect of the action of the trial court in amending the 1964 judgment.

---

[1]The 1953 conviction was affirmed on appeal in *People* v. *Candelario* (1954) 126 Cal.App.2d 408 [272 P.2d 62].

Petitioner contends that the trial court was without jurisdiction to amend the abstract of judgment to show the 1953 prior conviction; that in doing so, the court subjected him to forbidden double jeopardy.

■ For reasons which we will set out below, we have concluded that the finding of the prior conviction was improperly added by an amendment to the judgment and cannot, therefore, be used to enhance petitioner's 1964 sentence.

■ It is not open to question that a court has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts. (*People* v. *Schultz* (1965) 238 Cal.App.2d 804, 807 [48 Cal.Rptr. 328]; *People* v. *Flores* (1960) 177 Cal.App.2d 610, 613 [2 Cal.Rptr. 363].) The power exists independently of statute and may be exercised in criminal as well as in civil cases. (*People* v. *Flores, supra,* at p. 613.) The power is unaffected by the pendency of an appeal or a habeas corpus proceeding. (*In re Roberts* (1962) 200 Cal.App.2d 95, 97 [19 Cal.Rptr. 147].) The court may correct such errors on its own motion or upon the application of the parties. (*People* v. *Flores, supra,* at p. 613.)

■ Clerical error, however, is to be distinguished from judicial error which cannot be corrected by amendment. The distinction between clerical error and judicial error is "whether the error was made in rendering the judgment, or in recording the judgment rendered." (46 Am.Jur.2d, Judgments, § 202.) ■ Any attempt by a court, under the guise of correcting clerical error, to "revise its deliberately exercised judicial discretion" is not permitted. (*In re Wimbs* (1966) 65 Cal.2d 490, 498 [55 Cal.Rptr. 222, 421 P.2d 70].)

An amendment that substantially modifies the original judgment or materially alters the rights of the parties, may not be made by the court under its authority to correct clerical error, therefore, unless the record clearly demonstrates that the error was not the result of the exercise of judicial discretion. (*Morgan* v. *State Bd. of Equalization* (1949) 89 Cal.App.2d 674, 682 [201 P.2d 859]; *Waters* v. *Spratt* (1958) 166 Cal.App.2d 80, 86 [332 P.2d 754], disapproved on another ground in *Kusior* v. *Silver* (1960) 54 Cal.2d 603, 616 [7 Cal.Rptr. 129, 354 P.2d 657]; see *Bastajian* v. *Brown* (1941) 19 Cal.2d 209, 214-215 [120 P.2d 9].)

■ It cannot be disputed that the amendment in question substantially affects petitioner's rights. Conviction of violation of Health and Safety Code section 11501, a felony, carries a penalty of from five years to life imprisonment, without eligibility for parole for at least three years. If the defendant has suffered one prior narcotics felony conviction, however, the minimum

prison term is aggravated to 10 years, without eligibility for parole for the same period.

The record in the present case does not permit a finding that the error involved was clerical error. At the time of petitioner's arraignment he was charged with the substantive offense of sale of heroin and with the prior conviction of possession of marijuana. He initially denied the allegation of the prior conviction, but subsequently admitted it. The prior conviction was not mentioned at trial except to impeach petitioner's testimony. The court made numerous references to the 1953 conviction at the time of sentencing. The minute order of judgment, however, dated May 27, 1964, fails to refer to a prior conviction, reciting only that petitioner was convicted of violating Health and Safety Code section 11501. The abstract of judgment signed by the court committing petitioner to state prison, dated May 27, 1964, also fails to refer to the conviction, although the printed form contains a box specifically for such entries. All of the other sections related to special findings (i.e., whether petitioner was armed or was adjudged an habitual criminal) are properly completed.

It is clear that since petitioner admitted the prior conviction, the trier of fact need not have made an independent determination of its validity. (Pen. Code, § 1158; Health & Saf. Code, § 11501.) Admission of the prior offense, however, does not thereby relieve the court of its responsibility to pronounce judgment finding petitioner guilty of the substantive offense with a prior conviction, and to have such judgment entered in the official records of the court.

Reference to the prior conviction must be included in the pronouncement of judgment for if the record is silent in that regard, in the absence of evidence to the contrary, it may be inferred that the omission was an act of leniency by the trial court. In such circumstances the silence operates as a finding that the prior conviction was not true.[2] (*People* v. *Huffman* (1967) 248 Cal.App.2d 260, 261 [56 Cal.Rptr. 255].) Even when, as in the present case, the defendant admits the prior conviction before trial, the court is not compelled to make a finding on the charge. (*People* v. *Superior Court* (1968) 69 Cal.2d 491, 501 [72 Cal.Rptr. 330, 446 P.2d 138].) "[B]eing silent upon the matter of a prior conviction, the judgment must be construed as one imposing a sentence for a first offense only."[3] (*People* v. *Noland*

---

[2]Similar benefits accrue to the defendant when the trier of fact fails to specify the degree of a crime. In such circumstances, even on a plea of guilty, the crime is deemed to be of the lesser degree. (Pen. Code, §§ 1157 and 1192.)

[3]Refusal to find with respect to the prior conviction is of particular significance in cases such as the present one since at the time of petitioner's trial it constituted the only means by which the judge could avoid the requirement of Health and Safety Code section 11718 that there be consent by the district attorney to dismissal of a

(1939) 30 Cal.App.2d 386, 391 [86 P.2d 363].) It cannot be presumed in every case, therefore, that failure of the court to include the prior conviction in the judgment is inadvertent clerical error.

■ The Attorney General contends that the record amply supports a finding that the error was clerical, that the trial court inadvertently failed to include the prior conviction in its judgment. He relies primarily on the trial court's statement on sentence:

"BY THE COURT: . . . The defendant has, during the course of this proceeding as well as today, including today, admitted a prior conviction of a narcotic felony. He is before the Court for sentencing under Section 11501 of the Health and Safety Code which is furnishing or selling heroin. He is a heroin addict by his own admission. The Court realizes that there is both the Department of Corrections to send the defendant to an affiliated institution, the rehabilitation—narcotics rehabilitation center. However, the Court also realizes that the narcotic rehabilitation center is for persons who primarily are addicts and don't—do not get into trouble otherwise. The defendant here has been in trouble ever since 1947 when he was a juvenile. He has a long criminal record for various offenses including burglary and other crimes. A rehabilitation center is primarily interested in medical cases and not in persons who have had criminality exhibited in their background in other areas.

"The Court feels that the defendant, however, should receive treatment and suggests to the Department of Corrections that that be given to him.

"Accordingly, it's the judgment of this Court that the defendant be placed in custody of the Department of Corrections and imprisoned in the Department of Corrections for the period of time prescribed by law."

The quotation is not dispositive. The references to the prior conviction, taken in context, merely evidence the concern of the trial court for petitioner's health and that commitment to the rehabilitation center is inappropriate.

We conclude, therefore, that the attempted amendment of the 1964 judgment adding the 1953 prior felony narcotics conviction is invalid and ineffective. Thus, it may not be used to aggravate petitioner's present sentence.

Petitioner also contends that the conviction for possession of marijuana was obtained through the use of illegally obtained evidence and that an extrajudicial confession of codefendant was introduced against him at trial

---

narcotics prior. That requirement has since been held to be an unconstitutional infringement upon the separation of powers. (*People* v. *Tenorio* (1970) *ante*, p. 89 [89 Cal.Rptr. 249, 473 P.2d 993].)

■

in violation of his Sixth Amendment rights as announced in *Bruton* v. *United States* (1968) 391 U.S. 123 [20 L.Ed.2d 476, 88 S.Ct. 1620]. In view of our conclusion that the 1953 conviction may not be used to aggravate the term on his 1964 conviction, we need not consider these contentions or his claim that he was denied appointed counsel on his appeal from that conviction.

The amendment to the abstract of judgment being in excess of the court's jurisdiction is ineffective for any purpose. The Adult Authority is therefore directed to fix petitioner's sentence and determine his eligibility for parole on the basis of the original abstract of judgment of May 27, 1964. Since petitioner is not now entitled to his release in the absence of action by the Adult Authority, the order to show cause is discharged and the writ of habeas corpus is denied.

McComb, J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurring.