[No. A044206. First Dist., Div. Four. Aug. 31, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL JACK, Defendant and Appellant.

**COUNSEL**

Cliff Gardner and Fiedler, Gardner & Derham for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Ronald S. Matthias and Josanna Berkow, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CHANNELL, J.**—In May 1987, appellant Michael Jack was sentenced to four years in state prison for burglary. He was given 1,010 days of presentence credit against this term—673 days of custody credit and 337 days of

conduct credit.[1] In an unpublished opinion, this court affirmed Jack's conviction in May 1988. (See *People* v. *Jack* (May 24, 1988) A039033.)

In October 1988, Jack was before the sentencing court again, apparently because he had asked to be committed to the California Rehabilitation Center. The court denied this request and then determined that Jack should not have been given 1,010 days of credit at the original sentencing. The probation officer indicated that the earlier calculation of credit was incorrect, because it included credit for time before Jack's arrest. Finding that Jack was entitled to only 723 days of credit—482 days of custody credit and 241 days of conduct credit—the court imposed the same 4-year term that was originally imposed, but reduced the earlier award of credit from 1,010 to 723 days. An amended abstract of judgment was prepared, listing the correct amount of credit to which Jack was entitled.

On appeal from the amended judgment, Jack does not contend that new calculation is incorrect, but challenges the court's jurisdiction to resentence him. ■ A court has inherent power to correct clerical errors to make court records reflect the true facts. This power exists independent of statute and may be exercised in criminal cases. The court may correct such errors on its own motion or on the application of the parties. (*In re Candelario* (1970) 3 Cal.3d 702, 705 [91 Cal.Rptr. 497, 477 P.2d 729]; *People* v. *Schultz* (1965) 238 Cal.App.2d 804, 807 [48 Cal.Rptr. 328]; *People* v. *Flores* (1960) 177 Cal.App.2d 610, 613 [2 Cal.Rptr. 363].) ■ However, cases distinguish between clerical error which can be corrected by amendment and judicial error which can only be corrected by appropriate statutory procedure. (See *People* v. *Schultz, supra,* at p. 808; *People* v. *Flores, supra,* at p. 614; see also Pen. Code, § 1170, subd. (d).) Generally, a clerical error is one inadvertently made, while a judicial error is one made advertently in the exercise of judgment or discretion. (*People* v. *Schultz, supra,* at p. 808; *People* v. *Flores, supra,* at p. 613; see *In re Candelario, supra,* 3 Cal.3d at p. 705 [judicial error involves deliberate exercise of judicial discretion].) Clerical error can be made by a clerk, by counsel, or by the court itself. (*People* v. *Schultz, supra,* at p. 808 [judge misspoke]; *People* v. *Flores, supra,* at p. 613.)

■ A trial court has jurisdiction to correct an erroneous sentence in several circumstances: if the sentence is unauthorized by law (*In re Sandel* (1966) 64 Cal.2d 412, 419 [50 Cal.Rptr. 462, 412 P.2d 806]; *People* v. *Shabazz* (1985) 175 Cal.App.3d 468, 473-474 [221 Cal.Rptr. 15], cert. den. 479 U.S. 840 [93 L.Ed.2d 88, 107 S.Ct. 147]; *People* v. *Nick* (1985) 164

---

[1] Neither party has provided us with the original judgment. We take judicial notice of the May 19, 1987, abstract of judgment which was part of the record on appeal in *People* v. *Jack* (May 24, 1988) A039033. (Evid. Code, § 452, subd. (d)(1).)

Cal.App.3d 141, 145 [210 Cal.Rptr. 137]); if the record clearly establishes that the sentence imposed was contrary to the sentencing court's intention (*People* v. *Schultz, supra,* 238 Cal.App.2d at p. 808 [court misspoke]; see *In re Candelario, supra,* 3 Cal.3d at pp. 705-706); if the sentence was induced by fraud (see *Smith* v. *Superior Court* (1981) 115 Cal.App.3d 285, 287 [171 Cal.Rptr. 387]; see also *Bloniarz* v. *Roloson* (1969) 70 Cal.2d 143, 147 [74 Cal.Rptr. 285, 449 P.2d 221]); or if the abstract of judgment does not accurately reflect the pronounced sentence (*People* v. *Flores, supra,* 177 Cal.App.2d at p. 613).

In most cases in which the trial court has jurisdiction to resentence a criminal defendant—in which clerical error occurs—the sentence originally imposed was not authorized by law. The sentence is void because it is based on an erroneous interpretation of law. Such an error of law may be corrected at any time, even if the correction results in a sentence greater than that originally imposed. (*People* v. *Shabazz, supra,* 175 Cal.App.3d at pp. 473-474; *People* v. *Nick, supra,* 164 Cal.App.3d at p. 145.) For example, when a trial court granted presentence credit to a defendant who was serving a prior prison term while awaiting trial on the offense underlying the new conviction, the error could be corrected when brought to the attention of the court. (See *People* v. *Shabazz, supra,* at pp. 472-474; see also Pen. Code, § 2900.5, subd. (b).)

■ In essence, Jack contends that the sentencing court did not commit an error of law or a clerical error, but an error of fact or judicial error that may not be corrected. He relies on *People* v. *Montalvo* (1982) 128 Cal.App.3d 57 [183 Cal.Rptr. 242], in which the appellate court was faced with two different claims of presentence credit error. First, the defendant contended that the trial court failed to award him presentence conduct credits to which he was legally entitled, although it had awarded him 151 days of presentence custody credit. The court agreed and awarded the conduct credit requested. (*Id.,* at pp. 60-63.) This was clearly judicial error—an act in excess of jurisdiction—that could be corrected. Second, the Attorney General argued that the trial court had erred when it found that Montalvo had been in presentence custody for 151 days. The appellate court ruled that if the trial court's 151-day finding was incorrect, it was an error that could not be corrected. The appellate court reasoned that this finding, based on either incorrect information or a lack of pertinent information, was within the trial court's jurisdiction to make—that it was a judicial error. As the erroneous finding was not an act in excess of jurisdiction—i.e., was not an "unauthorized sentence"—the *Montalvo* court held that any such error could not be corrected. (*Id.,* at pp. 63-64.)

The error in Jack's original sentence was the same as that which might have occurred when the *Montalvo* court made its 151-day finding. However,

we are not persuaded by the analysis of this decision. The distinction between judicial errors which may not be corrected and clerical errors which may be remedied has been made to prevent a trial court from attempting to revise " 'its deliberately exercised judicial *discretion.*' " (*In re Candelario, supra,* 3 Cal.3d at p. 705.) The law permits an amendment if the record clearly demonstrates that the error was not the result of an exercise of judicial discretion. (See *ibid.*; *Smith* v. *Superior Court, supra,* 115 Cal.App.3d at p. 290.) The *Jack* court had no discretion to exercise. At sentencing, the court's duty was to determine the number of days of custody for which Jack might be entitled to credit. (See Pen. Code, § 2900.5, subd. (d); Cal. Rules of Court, rule 252; *People* v. *Montalvo, supra,* 128 Cal.App.3d at p. 62.) Then, the court must award credit according to an established formula. (See Pen. Code, § 2900.5; *People* v. *Brite* (1983) 139 Cal.App.3d 950, 955 [189 Cal.Rptr. 283].) This formula calculation has been characterized as a ministerial duty. (See *People* v. *Sage* (1980) 26 Cal.3d 498, 509 [165 Cal.Rptr. 280, 611 P.2d 874].) We see no reason why the determination of the number of days which the defendant has spent in presentence custody cannot likewise be characterized as a ministerial duty. (See *People* v. *Macias* (1979) 93 Cal.App.3d 788, 792 [156 Cal.Rptr. 104].)

The initial determination of the number of days of actual custody before sentencing is the responsibility of the sheriff, the probation officer, or some other appropriate person who typically includes this information in the probation report. Trial courts routinely rely on this information, unless the parties dispute the initial determination. (See Cal. Rules of Court, rule 252.) If the court is given incorrect information, its calculation of credits is legally wrong, resulting in an act in excess of its jurisdiction. Therefore, the trial court should have the authority to correct its error, whether this increases or decreases the previously calculated credits.

As the trial court exercises no discretion when determining the days of presentence custody, authorizing it to correct any erroneous determination brought to its attention does not risk any untoward judicial action. This procedure merely permits the trial court to correct a simple error, thus allowing the court to fulfill its statutory duty to grant the correct number of presentence credits. To the extent that *Montalvo* would compel a different conclusion, we decline to follow it.

We are mindful of the admonition, contained in several cases, against characterizing a judicial error as a clerical error and thus creating jurisdiction to amend when none exists. (See *In re Candelario, supra,* 3 Cal.3d at p. 705; *In re Wimbs* (1966) 65 Cal.2d 490, 498 [55 Cal.Rptr. 222, 421 P.2d 70]; *Smith* v. *Superior Court, supra,* 115 Cal.App.3d at p. 290.) Having examined the underpinnings of this distinction, we are satisfied that our

ruling will not violate the spirit of this caveat. In Jack's case, the sentencing court properly corrected its original, admittedly erroneous calculation of presentence credits.

The amended judgment is affirmed.

Anderson, P. J., and Poché, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 14, 1989.