Filed 8/28/20  P. v. Bates CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ANDREA LEE BATES,<br><br>    Defendant and Appellant. | C090918<br><br>(Super. Ct. No. 18CR000335) |

Appointed counsel for defendant Andrea Lee Bates asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Based on our review of the record, we will modify the judgment to dismiss count one as contemplated by the parties' plea agreement.  Finding no other arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment as modified.

1

# I

Defendant drove in the wrong lane towards oncoming interstate traffic in February 2018. She collided with another vehicle, injuring the other driver. After the accident she left her vehicle and went into a nearby vacant field where officers arrested her.

The People charged defendant with driving under the influence causing injury within 10 years of another driving under the influence offense (Veh. Code, §§ 23153, subd. (f), 23560 -- count one), hit and run driving resulting in injury to another person (Veh. Code, § 20001, subd. (b)(1) -- count two), and driving the wrong way on a divided highway causing injury (Veh. Code, § 21651, subd. (c) -- count three). The trial court declared a doubt as to her competency under Penal Code section 1368[1] and suspended criminal proceedings. After considering the evaluations of two psychiatrists, the trial court found defendant competent to stand trial and reinstated the proceedings.

At the preliminary hearing in May 2018, the prosecutor dismissed count one and defendant was held to answer on counts two and three (which were renumbered in the subsequent information as counts one and two, respectively). The information further alleged that defendant inflicted great bodily injury on the victim. (§ 12022.7, subd. (a)).

The trial court held a hearing regarding defendant's eligibility for pretrial diversion under section 1001.36. In January 2019, the trial court found defendant met her prima facie burden for section 1001.36 diversion eligibility and scheduled a further hearing, but defendant withdrew her petition for diversion in May 2019.

In September 2019, defendant made a *Marsden* motion[2] to relieve her appointed counsel. After a closed hearing, the trial court denied the motion.

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Marsden* (1979) 2 Cal.3d 118.

Defendant pleaded no contest to driving the wrong way on a divided highway causing injury (Veh. Code, § 21651, subd. (c) -- count two of the information) and admitted the great bodily injury enhancement in exchange for a maximum sentence of four years four months in prison and dismissal of the remaining charges. The parties stipulated that the preliminary hearing could serve as the factual basis for the plea and the prosecutor said the plan would be to seek dismissal of count one at sentencing.

Prior to sentencing, defendant asked the trial court to exercise its discretion under section 1385 to dismiss the great bodily injury enhancement, and also to suspend imposition of sentence in favor of probation. The People opposed the requests.

At sentencing, the trial court declined to strike the enhancement and sentenced defendant to four years four months in prison, consisting of the following: the low term of 16 months for the driving offense, plus three years for the great bodily injury enhancement. The trial court awarded defendant 740 days of presentence credit (644 actual days and 96 conduct days) (§ 2933.1) and ordered defendant to pay a $600 restitution fine (§ 1202.4, subd. (b)), a $600 parole revocation fine (§ 1202.45), a $30 court facilities assessment (Gov. Code, § 70373), and a $40 court operations assessment (§ 1465.8).

The parties and the trial court did not mention dismissal of count one of the information during the sentencing hearing as previously contemplated by the plea agreement. Defendant did not request or obtain a certificate of probable cause.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Our review of the record indicates the plea agreement contemplated dismissal of count one of the information but count one was not dismissed at sentencing. Because it appears this was an inadvertent omission rather than an exercise of judicial discretion, we may correct the omission on appeal. (*In re Candelario* (1970) 3 Cal.3d 702, 705-706; *People v. Segura* (2008) 44 Cal.4th 921, 930-931 [trial court bound by terms of plea agreement it accepts].) We will modify the judgment to dismiss count one of the information, and affirm the judgment as modified. Because the abstract of judgment reflects only defendant's no contest plea to count two, and does not reference count one, the abstract of judgment need not be amended.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is modified to dismiss count one of the information. The judgment is affirmed as modified.


            /S/
            MAURO, J.



We concur:



    /S/
BLEASE, Acting P. J.



    /S/
DUARTE, J.


4