Filed 1/14/21  P. v. Smith CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074034 |
| v. | (Super.Ct.No. FSB05283) |
| WILLIAM SMITH, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Dwight W. Moore, Judge.  Dismissed and remanded with directions.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Daniel Rogers, Christopher Beesley and Jennifer A. Jadovitz, Deputy Attorneys General, for Plaintiff and Respondent.

1

<u>INTRODUCTION</u>

A jury convicted defendant and appellant William Smith of attempted carjacking (Pen. Code,[1] §§ 664, 215, count 1) and robbery (§ 211, count 2). On February 2, 1996, a trial court found true the allegations that defendant had two prior serious felony convictions and had served two prior prison terms. (Former §§ 667, subds. (b)-(i), 667.5, subd. (b).) It then sentenced him to a total term of 25 years to life. In 2019, defendant filed an in propria persona motion to vacate certain fees and fines pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), which the court denied.

On appeal, defendant contends that: (1) the court imposed an unauthorized restitution fine under section 1203.1, subdivision (b); (2) the court violated his right to due process when it summarily denied his motion to vacate fines imposed since the motion shows he does not have the ability to pay; and (3) the equal protection clause requires that *Dueñas*, *supra*, 30 Cal.App.5th 1157 and *People v. Cowan* (2020) 47 Cal.App.5th 32, review granted June 17, 2020, S261952 (*Cowan*) be applied retroactively to final cases, as well as nonfinal cases. We dismiss the appeal, but, on our own motion, direct the superior court to correct a few clerical errors.

<u>PROCEDURAL BACKGROUND</u>

On February 2, 1996, a court sentenced defendant to 25 years to life in state prison and ordered him to pay certain fines and fees.

---

[1] All further statutory references will be to the Penal Code unless otherwise noted.

2

On or about September 5, 2019, defendant filed an in propria persona "Exparte Motion to Vacate the Court Security Fee: Conviction Assessment: and Restitution Fines" pursuant to *Dueñas*, *supra*, 30 Cal.App.5th 1157 (motion to vacate), which included evidence that he was unable to pay the fines. On October 1, 2019, the court dismissed the motion without comment.

Defendant filed a timely notice of appeal.

## DISCUSSION

### I. The Appeal Must Be Dismissed

Defendant seeks to challenge the trial court's October 1, 2019 order denying his motion to vacate pursuant to *Dueñas*, *supra*, 30 Cal.App.5th 1157, claiming it erred in summarily denying the motion in violation of his due process rights since he does not have the ability to pay the fines. In the alternative, he argues that the fines violate his rights against excessive fines under the Eighth Amendment and the California Constitution pursuant to *Cowan*, *supra*, 47 Cal.App.5th 32.[2] Defendant also argues that "the equal protection clauses in the federal and state constitutions require that both [*Dueñas* and *Cowan*] be applied retroactively to the instant case even though the judgment in [his] case had become final before he filed his motion." Defendant further

---

[2] *Cowan* held that the court operations and court facilities assessments and the minimum restitution fine "must be treated as 'fines' for purposes of the excessive fines prohibitions in the federal and state Constitutions." (*Cowan*, *supra*, 47 Cal.App.5th at p. 45.) The court further held that ability to pay was an element of the excessive fines calculus under both the federal and state Constitutions; thus, a sentencing court must give a defendant the opportunity to present evidence on his ability to pay on request. (*Id*. at p. 48.)

adds a claim that the court ordered him to pay a $504 restitution fine pursuant to section 1203.1, subdivision (b), and such fine was unauthorized because he was not granted probation.

The People argue, and we agree, that defendant's appeal must be dismissed since the trial court did not have jurisdiction to rule on his motion to vacate. "Generally, once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence. [Citations.] If the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed." (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1084 (*Torres*).)

Here, the execution of defendant's sentence began in 1996, long before he filed his motion to vacate the fines in 2019. Unless an exception to the general rule applies, the trial court did not have jurisdiction to rule on his motion, and the appeal must be dismissed. (*Torres*, *supra*, 44 Cal.App.5th at pp. 1084-1085.) Defendant's claims do not fall within any exception, and he does not claim otherwise. (See *Id.* at p. 1085.)

Section 1237, subdivision (b), provides that a defendant may appeal "[f]rom any order made after judgment, affecting the substantial rights of the party." Since the trial court did not have jurisdiction to rule on the motion to vacate, its order denying such motion did not affect defendant's substantial rights and is not an appealable postjudgment order. Therefore, the appeal from the order must be dismissed. (*Torres*, *supra*, 44 Cal.App.5th at p. 1084; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208.)

4

## II. The Clerical Errors Should Be Corrected

Upon our review of the record, we noted a few apparent clerical errors. Generally, a clerical error is one inadvertently made. (*People v. Schultz* (1965) 238 Cal.App.2d 804, 808.) Clerical error can be made by a clerk, by counsel, or by the court itself. (*Ibid.* [judge misspoke].) A court "has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts. [Citations.]" (*In re Candelario* (1970) 3 Cal.3d 702, 705.)

Here, the court ordered defendant to pay $500 to the county probation department for the preparation of the presentence investigation report, $152 in booking fees payable to the City of San Bernardino "within ninety days from his release from custody," a $5,000 restitution fine stayed pending the successful completion of parole (§ 1202.45), and a $5,000 restitution fine (§ 1202.4). However, the abstract of judgment does not appear to list any fines or fees. The abstract of judgment should be amended to reflect the imposition of these fines and fees.

Furthermore, we observed that the February 2, 1996 sentencing minute order does not accurately reflect the court's oral pronouncement of judgment. The minute order indicates that the court ordered defendant to pay $79.86 in booking fees, but the court ordered him to pay $152. Also, the minute order indicates that the court imposed the upper term of 25 years on count 1 and the upper term of 25 years on count 2, stayed, and that it imposed one year as to "prior 1" and one year as to "prior 2," but stayed the sentences on both pursuant to section 654. However, the court actually imposed the sentence as follows: "The defendant having been found guilty of attempted carjacking

5

. . . under Count 1, with two priors, and 211 of the Penal Code under Count 2, with two priors under 667 (b) through (i), defendant is ordered to serve twenty-five years *to life* in prison in the State of California." (Italics added.) Thus, the minute order should be corrected to reflect that the court imposed a total term of 25 years to life in state prison. Moreover, the court did not impose one year on prior 1 and prior 2 or stay them under section 654, so any such reference should be deleted from the minute order.[3]

Therefore, on our own motion, we remand the matter for the superior court clerk to correct the errors noted.

## DISPOSITION

The appeal is dismissed. However, on our own motion, we remand the matter and direct the superior court clerk to amend the abstract of judgment to reflect that the court ordered defendant to pay the following: $500 to the county probation department for the preparation of the presentence investigation report; $152 in booking fees payable to the City of San Bernardino "within ninety days from his release from custody"; $5,000 pursuant to section 1202.45, stayed pending the successful completion of parole; and $5,000 pursuant to section 1202.4. The clerk is also directed to amend the sentencing minute order to reflect that the court imposed a total term of 25 years to life in state prison and to delete any reference that the court imposed one year on priors 1 and 2 or stayed such terms under section 654. The clerk is further directed to forward copies of

---

[3] Although we note some irregularities in the pronouncement of judgment, such as the court apparently not imposing any terms on the prison priors (§ 667.5, subd. (b)) or specifying if the term on count 2 was to be served concurrently, neither party appealed such issues.

6

the amended abstract of judgment and minute order to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____

J.

We concur:

MILLER _____

Acting P. J.

SLOUGH _____

J.