Filed 1/26/15  P. v. Wilson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060772 |
| v. | (Super.Ct.No. FWV1303802) |
| TERRYL OMARI WILSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Stephan G. Saleson, Judge.  Affirmed.

Sylvia Whatley Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Meredith S. White, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

On November 27, 2013, an information charged defendant and appellant Terryl Omari Wilson with assault with a firearm under Penal Code[1] section 245, subdivision (a)(2) (count 1); and brandishing a firearm under section 417, subdivision (a)(2) (count 2). As to count 1, the information also alleged that defendant personally used a firearm under section 12022.5, subdivisions (a) and (d).

Prior to trial, the trial court dismissed count 2 in the interests of justice on motion by the People.

On January 29, 2014, trial commenced. On February 6, 2014, the jury declared it was deadlocked on count 1; the court declared a mistrial.

On February 13, 2014, the parties reached an agreement to resolve the case. The People moved to amend the information to add count 3, assault by means of force likely to cause great bodily injury under section 245, subdivision (a)(4). Defendant pled no contest to count 3 in exchange for credit for time served and 12 months of felony probation. Following his successful completion of felony probation, the court agreed it would reduce his assault conviction to a misdemeanor.

On March 10, 2014, defendant filed his notice of appeal. For the reasons set forth below, we shall affirm the judgment.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

## DISCUSSION

Defendant contends that the trial court erred when it denied the People's motion to dismiss the remaining counts after defendant pled no contest to count 3. The People concede that the record shows that the court did mistakenly conclude that there were no remaining counts to dismiss at the hearing. The minute order, however, indicates that count 1 was dismissed in the interests of justice. We agree with the People that the court's inadvertent mistake was corrected. The judgment, therefore, shall be affirmed.

### A.    PROCEDURAL BACKGROUND

Prior to trial, the trial court dismissed count 2 in the interests of justice on motion from the People. On February 6, 2014, after the jury deadlocked on the remaining count, count 1; the court declared a mistrial.

On February 13, 2014, the parties returned to court for further proceedings. The parties agreed to amend the information to add count 3, assault by means of force likely to cause great bodily injury under section 245, subdivision (a)(4). Defendant agreed to plead no contest to count 3 in exchange for a sentence of credit for time served with a 12-month probation period. At the end of nine months, the court agreed it would reduce the felony charge to a misdemeanor. Defendant entered his plea of no contest and the court sentenced him accordingly.

The People then moved to dismiss the remaining counts. The court responded: "All right. Well, you actually dismissed Count 2 earlier before the trial started, and the lesser was just added, so there really is nothing to dismiss, in the Court's opinion." No

one corrected the trial court that count 1 was still outstanding. However, the minute order from the same proceeding indicates that count 1 was dismissed in the interests of justice. Further, the minute order indicates that the court ordered the firearm enhancement stricken.

B.     COUNT 1 WAS PROPERLY DISMISSED

Under section 1385, subdivision (a), prosecutors can make a motion to dismiss charges "in furtherance of justice." In general, a trial court's ruling on a motion to dismiss charges under section 1385 is reviewed for an abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 374.)

Generally, a clerical error is one inadvertently made. (*People v. Schultz* (1965) 238 Cal.App.2d 804, 808.) Clerical error can be made by a clerk, by counsel, or by the court itself. (*Ibid.* [judge misspoke].) A court "has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts. [Citations.]" (*In re Candelario* (1970) 3 Cal.3d 702, 705.)

In this case, defendant contends that we must remand this case to the trial court "with directions to reconsider the motion to dismiss Count 1" because the error in this case is a "judicial error" and can only be corrected by the trial court. We disagree.

Here, the trial court's denial of the People's motion was an inadvertent mistake based on a factual mistaken belief that there was "nothing to dismiss." The record indicates that both parties and the court intended this count and enhancement allegation to be dismissed. The trial court accepted defendant's no contest plea to count 3. It then

4

sentenced him on count 3, in accordance with the plea agreement. When the prosecutor asked for the remaining counts to be dismissed and the court inadvertently indicated that there were no outstanding counts; neither party mentioned count 1. However, the court and the parties clearly intended for the remaining counts to be dismissed. The minute order, however, rectified this inadvertence and correctly noted the dismissal of count 1 and striking of the enhancement. Both parties concede that the court should have dismissed count 1. We find that the minute order correctly rectified the inadvertent mistake made by the court.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____

J.

We concur:

RAMIREZ _____

P. J.

McKINSTER _____

J.

5