Filed 8/9/16  P. v. Vidano CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| THE PEOPLE, | C076050 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 13-223, 13-357, 13-468) |
| v. | |
| JUAN ANGEL VIDANO, | |
| Defendant and Appellant. | |

Sentenced to state prison pursuant to a plea agreement, defendant Juan Angel Vidano contends the matter must be remanded to the trial court to correct errors in the sentencing procedure and to prepare a corrected abstract of judgment. Because the judge's sentencing procedure was contrary to law and the sentence imposed was inconsistent with the plea agreement, we must set aside defendant's sentence and remand for resentencing according to law.

1

FACTUAL AND PROCEDURAL BACKGROUND

In case No. 13-223, an information charged defendant with first degree robbery in concert (count 1; Pen. Code, §§ 211, 213, subd. (a)(1)(A))[1] with allegations of personal infliction of great bodily injury (§ 12022.7, subd. (a)), "street terrorism" (§ 186.22, subd. (b)(4)), and personal use of a firearm (§ 12022.53, subd. (b)); first degree residential burglary of an occupied dwelling (count 2; §§ 459, 667.5, subd. (c)(21)); criminal threats (count 3; § 422); assault with a deadly weapon (count 4; § 245, subd. (a)(1)) with an allegation of personal use of a deadly or dangerous weapon, a handgun (§ 1192.7, subd. (c)(23)); knowingly and maliciously dissuading a witness from reporting a crime, accompanied by force and the threat of force (count 5; § 136.1, subds. (b)(1), (c)(1)) and with an allegation of witness intimidation (§ 1170.15); false imprisonment (count 6; § 236); and "street terrorism" (count 7; § 186.22, subd. (a)).  As to counts 1 through 6, it was alleged that defendant committed the offenses for the benefit of a criminal street gang, the Norteños.  (§ 186.22, subd. (b)(1).)  As to counts 2, 3, 5, and 6, it was alleged that defendant personally used a firearm.  (§ 12022.5, subd. (a).)

In case No. 13-357, a felony complaint charged defendant with solicitation of murder (count 1; § 653f, subd. (b)), with the allegations that the victim was a witness or potential witness in case No. 13-223 (§ 1170.15), and that the offense was committed on behalf of the Norteños (§ 186.22, subd. (b)(1)(A)); and attempting to dissuade a witness (count 2; § 136.1, subd. (a)(2)), also with allegations that the victim was about to give evidence in case No. 13-223 and that the offense was committed on behalf of the Norteños (§§ 1170.15, 186.22, subd. (b)(4)(C)).

In case No. 13-468, a felony complaint charged defendant with assault by means likely to produce great bodily injury on a fellow jail inmate (count 1; § 245, subd. (a)(4))

---

[1]     Undesignated statutory references are to the Penal Code.

and alleged that defendant personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)).

Defendant entered pleas in all three cases on the understanding that he would receive an aggregate state prison term of 20 years eight months. In case No. 13-223, defendant pleaded no contest to counts 1 (first degree robbery), 5 (dissuading a witness), and 7 (street terrorism), and admitted the allegations of firearm use as to count 1 and of use of force against a material witness as to count 5. In case No. 13-357, he pleaded no contest to count 1 (solicitation of murder). In case No. 13-468, he pleaded no contest to count 1 (assault by means likely to produce great bodily injury). The remaining charges and allegations were dismissed.

Before taking defendant's plea, Judge Bill Davis advised defendant the matter would be referred to the probation department for a report and recommendation, the court might conclude after reading the report a harsher disposition was appropriate, and if the court did so defendant could withdraw his plea.

According to the written plea agreement and the parties' stipulation at the change of plea hearing, defendant's sentence was to be calculated as follows: as to case No. 13-223, six years (the middle term) on count 1, plus 10 years consecutive for the firearm use enhancement, plus three years consecutive on count 5, plus eight months (one-third the middle term) consecutive on count 7; as to case No. 13-468, one year (one-third the middle term) consecutive on count 1; as to case No. 13-357, six years concurrent on count 1. The parties also stipulated that the counts pleaded to in case Nos. 13-357 and 13-468 were not strikes.

The trial court directed the People to document the factual basis for defendant's pleas ex parte. The record does not contain any such document, however. We therefore take the facts from the probation report, which states: In case No. 13-223, on the evening of February 6, 2013, defendant and the codefendants entered the apartment of J.C. and L.S.; pointing a gun at the victims, the intruders demanded money, hit J.C. on the head

3

with the gun, took items of personal property, tied up the victims, and threatened to murder them and their families if they called the police. In case No. 13-357, a confidential informant told the police on February 11, 2013, that defendant had asked him to kill the two witnesses in defendant's case. In case No. 13-468, on April 9, 2013, at the county jail, defendant and another inmate got into a physical fight; two of the codefendants, also inmates, joined in, and defendant's opponent sustained injuries.

DISCUSSION

I

Defendant contends the trial court failed to pronounce judgment orally as required by law, but instead improperly "incorporated by reference" a document prepared by the probation officer. We agree.

*Background*

At the sentencing hearing, Judge Donald R. Langford noted the parties stipulated to a state prison term of 20 years eight months. The court then stated: "I have before me a probation department report with the associated recommendations and orders documents, all of which were received by the Court on January 16th of 2014, and all of which collectively recommend, consistent with the stipulation at time of plea, a total aggregate 20-year-eight-month CDCR term, as set forth specifically in the referenced document, followed by three years of P.R.C.S. or parole." Having reviewed the report and finding the recommendation consistent with the parties' stipulation, the court was "prepared to move forward in that regard, subject to my consideration of further comments."

Defense counsel objected to the recommended $10,000 restitution fine and asked the court to impose the statutory minimum fine. (§ 1202.4, subd. (b)(2).) Counsel also asked the court to waive the cost of the presentence report and the assessment of attorney fees. The trial court, "engag[ing] the statutory presumption of inability to pay in the

4

foreseeable future," struck "[paragraphs] 8, 16, and 17" of the recommendations and orders.**2** The court set the restitution fine at $5,000.

After the court clerk stated that the presentence custody credits had to be "broken out case by case," the trial court attributed all the credits to case No. 13-223.

Defense counsel submitted the matter on the probation report. The trial court asked counsel: *"I . . . always have these two unnumbered paragraphs immediately under recommendations and orders, and they set out the details of the specific components of the sentence. If I adopt that by reference, will there be any objection from the defense?"* (Italics added.) Counsel acquiesced in that procedure, and the prosecutor had no comment.

The court clerk stated: "I need clarification at the Court's pleasure. As far as the consecutive ten-year term pursuant to three different 12022 code sections, I have to specify which code section that ten years applies to on the abstract." According to the reporter's transcript, the trial court and counsel agreed the applicable section was "22.53(b)(e)(1)(a) [*sic*]."**3**

The court clerk stated: "I also need clarification of the consecutive terms or even concurrent terms, if they are upper, mid, or lower. I presume the consecutives are all mid, but I don't know." After the trial court and counsel discussed what was in the probation report, the court explained that "[t]he one-year consecutive is one-third the midterm for the P.C. 245(a)(4)," "[t]he eight months for the P.C. 186.22(a) is one-third the midterm," and the sentence on section 653f, subdivision (b), is "two years. It's one-

---

**2** Paragraph 8 covers the cost of the presentence report. Paragraph 16 covers the booking fee (Gov. Code, § 29550), which defense counsel did not specifically ask to be stricken. Paragraph 17 covers reimbursement of appointed counsel fees.

**3** The probation report states that the 10-year firearm enhancements applicable to defendant's sentence for home invasion robbery (count 1, case No. 13-223) are sections 12022.53, subdivisions (b), (e)(1)(A) and (B).

5

third the middle term. That's specified on the top of Page 13 of the report, middle term of six years, one-third the middle term."

After both counsel submitted the matter, the trial court stated:

"*I will impose sentence specifically and verbatim as is set forth and imposed in the recommendations and orders document, the unnumbered paragraphs first and second that appear on the face page of the document, the defense having waived the specific reading, for a total commitment of 20 years and eight months.*

"*Further, I will specifically and verbatim order that which is set forth in Paragraph 1 on the face page as amended on the record, as well as specifically and verbatim Paragraphs 2 through 7 and 9 and 10 on Page 2 of the cited document, Paragraph 8 being stricken, as well as verbatim Paragraphs 11 through 15 on Page 3 of the cited document, Paragraphs 16 and 17 are stricken.*

"*I'm executing the sentencing document today's date, having reviewed it and found it, as amended, to accurately reflect the orders being entered by the Court today.*" (Italics added.)

*Analysis*

After a conviction, the trial court must pronounce judgment orally in the defendant's presence. (§§ 1191, 1193, 1202; *People v. Mesa* (1975) 14 Cal.3d 466, 471; *People v. Candelaria* (1970) 3 Cal.3d 702, 706.) The court clerk's entry of judgment in the minutes is not the judgment of conviction, and neither is the abstract of judgment. (§ 1207; *People v. Mesa, supra*, at p. 471.) Certainly, the probation report is not.

"The most fundamental duty of a sentencing court is to state reasons justifying the sentencing choices it makes. [Citations.]" (*People v. Fernandez* (1990) 226 Cal.App.3d 669, 678 (*Fernandez*).) "[M]erely incorporating the probation report by reference violates the spirit of the sentencing laws and fails to properly explain the basis for any sentencing choice." (*Id.* at p. 679; accord, *People v. Pierce* (1995) 40 Cal.App.4th 1317, 1320 (*Pierce*).)

6

Here, the trial court did exactly what *Fernandez* and *Pierce* proscribe.

The Attorney General asserts: "[T]he sentencing court did not merely reference the probation report. Instead, it appears that, pursuant to the judge's practice, the order was prepared by the probation department and clearly delineates the term imposed for each count and each of the fines and fees imposed in each of appellant's three cases. [Citation.] It appears this practice simplified sentencing for a complex case with numerous charges and allegations. Notably, after imposing sentence and the appropriate fines and fees, the court took the action of 'executing the sentencing document' after amending it as an accurate reflection of the orders imposed. [Citation.] This order, then, served as a written memorialization of the court's oral pronouncement of judgment."

We are not persuaded. The Attorney General cites no authority authorizing a trial court to orally pronounce judgment as required by law (or "a written memorialization" of that pronouncement) merely by directing the probation department to prepare an order, then purporting to "execute" that order, without ever stating reasons for its sentencing choices. A legal proposition asserted without authority is forfeited. (*People v. Stanley* (1995) 10 Cal.4th 764, 793.)

The Attorney General also asserts there is no error because the sentence imposed was in accordance with the plea agreement's stipulation and defense counsel stated there was no basis to appeal. But the Attorney General cites no authority authorizing imposition of sentence, pursuant to a stipulation, that relieves the trial court of its duty to pronounce judgment orally, or fail to state reasons for its sentencing choices, and we know of no such authority. (*People v. Stanley, supra,* 10 Cal.4th at p. 793.) Judge Langford utilized what appears to be his standard practice to impose a sentence inappropriately and merely because the parties stipulated to it. This included a failure to decide whether the tentative sentence was proper and to state reasons for its decision on the record.

7

Finally, the Attorney General argues that defendant's contention was forfeited and that any use of an unauthorized procedure was harmless, but we need not reach those issues because, as we explain later, we must vacate the sentence and remand for other reasons. On remand, Judge Langford must impose judgment and sentence orally, on the record, stating his reasons for his sentencing choices.

## II

Defendant contends he was not sentenced consistent with the stipulated sentence in the plea agreement. He asserts: (1) although both the stipulated sentence in the plea agreement and the sentence imposed totaled 20 years eight months, there is a material discrepancy between the plea agreement and the probation department's recommendations and orders (adopted by the trial court) as to how the aggregate term was calculated; and (2) although the aggregate term in the plea agreement is authorized, the aggregate term in the imposed sentence is unauthorized.

The Attorney General responds only that defendant's claim is forfeited "because [defendant's] plea bargain was for a stipulated term of 20 years 8 months, and that was the term imposed." The Attorney General does not dispute defendant's contention on the merits. We conclude the contention is not forfeited and has merit.

The plea agreement calculated the aggregate term as follows: the six-year middle term on count 1 (robbery) in case No. 13-223, plus 10 years for the firearm use enhancement, plus three years (the full middle term) on count 5 (witness dissuasion) in case No. 13-223, plus one year consecutive for assault in case No. 13-468, plus six years concurrent for solicitation to murder in case No. 13-357, plus eight months consecutive on count 7 (street terrorism) in case No. 13-223.

The probation report's recommendations and orders, adopted by the trial court in sentencing, differed materially as follows: instead of the three-year middle term for witness dissuasion in case No. 13-223, the abstract of judgment states one year (one-third the middle term) consecutive, and instead of a concurrent six-year term for solicitation to

8

murder in case No. 13-357, the abstract of judgment states a consecutive two-year term (one-third the middle term). This method of calculating these components of the aggregate term is shown in the sentencing minute order and the abstract of judgment.

As defendant points out, the calculation in the plea agreement is correct and the calculation in the sentence imposed is incorrect. Section 1170.15 provides: "Notwithstanding subdivision (a) of Section 1170.1, which provides for the imposition of a subordinate term for a consecutive offense of one-third of the middle term of imprisonment, if a person is convicted of a felony, and of an additional felony that is a violation of Section 136.1 or 137 and that was committed against the victim of, or a witness or potential witness with respect to . . . the first felony, . . . the subordinate term for each consecutive offense that is a felony described in this section shall consist of the full middle term of imprisonment for the felony for which a consecutive term of imprisonment is imposed, and shall include the full term prescribed for any enhancements imposed for being armed with or using a dangerous or deadly weapon or a firearm, or for inflicting great bodily injury." Defendant admitted an allegation under section 1170.15 in connection with the witness dissuasion count (§ 136.1, subd. (b)(1)) in case No. 13-223. Therefore, he should have received the full three-year middle term on that count, as calculated in the plea agreement, along with the six-year concurrent sentence for solicitation, as component parts of his aggregate 20-year eight-month sentence. The probation report's recommendation that defendant receive one-third the middle term on the witness dissuasion count plus a consecutive two-year term (one-third the middle term) for solicitation, adopted by the trial court in imposing sentence, ignored the mandate of section 1170.15. By adopting that recommendation, the court imposed an unauthorized sentence.

The Attorney General cites *People v. Hester* (2000) 22 Cal.4th 290, 295 for the proposition a defendant may not challenge a sentence imposed in excess of jurisdiction after pleading guilty in return for a specified sentence. However, as defendant replies,

9

*Hester* is inapposite because the specified sentence promised defendant in return for his plea here was not unauthorized or in excess of jurisdiction. Only the sentence the trial court actually imposed, which did not correspond to the sentence specified in the plea agreement, was unauthorized.

On remand, if the trial court imposes the same aggregate term pursuant to the plea agreement, it is directed to do so as calculated under the plea agreement and within the lawful framework for imposition of sentence.

### III

Defendant contends that the trial court must properly and orally impose and itemize all fines and fees on the record as part of its oral pronouncement of judgment. We agree. (*People v. High* (2004) 119 Cal.App.4th 1192, 1200.)

### IV

Defendant contends the clerk's minutes must be corrected to accurately reflect what occurred at the sentencing hearing. According to defendant, the minutes are erroneous because they "record what appears to be a regularly pronounced sentence," rather than correctly showing the trial court merely incorporated the probation department's recommendations and orders by reference. We need not address this point. On remand, the trial court must properly pronounce judgment according to law. We presume the clerk's minutes will so reflect.

### V

The parties agree the abstract of judgment must be corrected to show that the 10-year firearm enhancement on count 1 in case No. 13-223 is imposed under section 12022.53, subdivision (b), rather than subdivision (e)(1). The trial court is directed to make this correction on remand.

10

## DISPOSITION

Defendant's convictions are affirmed.  The sentence is vacated, and the matter is remanded with directions to the trial court to resentence defendant consistent with this opinion.


                                                                 NICHOLSON     , J.


We concur:


       BLEASE         , Acting P. J.


       HULL           , J.