Filed 11/4/25  P. v. Crawford CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D084160 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD137604) |
| DANNY RAY CRAWFORD, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  (Retired judge of the San Diego Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mande and Stephanie H. Chow, Deputy Attorneys General for Plaintiff and Respondent.

MEMORANDUM OPINION

For the reasons that follow, we affirm the trial court's order finding Danny Ray Crawford ineligible for resentencing relief under Penal Code[1] section 1172.75.

In 1999 a jury found Crawford guilty of aggravated mayhem, robbery, assault with force likely to cause great bodily injury, and battery causing serious injury. The trial court found true the allegations that Crawford had suffered three prior strike convictions and a prior serious felony conviction, and that he had served a prior prison term. The court sentenced Crawford to prison for a total term of 30 years to life, which included a term of 25 years to life for the aggravated mayhem count with the prior strike convictions, plus a five-year term for the prior serious felony conviction.

Prior to January 1, 2020, section 667.5, subdivision (b), required trial courts to "impose a one-year term for each prior separate prison term or county jail term" that the defendant had served, unless the defendant had remained free of custody for at least five years. (§ 667.5, former subd. (b); see *People v. Christianson* (2023) 97 Cal.App.5th 300, 309, review granted Feb. 21, 2024, S283189, review dismissed Aug. 20, 2025 (*Christianson*).) "Courts nevertheless had discretion to strike that enhancement pursuant to section 1385, subdivision (a)." (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681.) Effective January 1, 2020, however, the Legislature amended section 667.5, subdivision (b), to limit the enhancement to prior prison terms served for convictions of sexually violent offenses. (Stats. 2019, ch. 590, § 1; *see People v. Tang* (2025) 109 Cal.App.5th 1003, 1006 (*Tang*).)

---

[1]     Further statutory references are to the Penal Code.

The 2020 statutory amendment to section 667.5 was then made retroactive to final judgments as of January 1, 2022, when section 1172.75 (originally numbered section 1171.1) was added to the Penal Code. (Sen. Bill No. 483 (2021–2022 Reg. Sess.); Stats. 2021, ch. 728, § 3.) Subdivision (a) of section 1172.75 provides, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid."

Subdivision (b) of section 1172.75 directs the California Department of Corrections and Rehabilitation (CDCR) to identify and inform sentencing courts of persons in custody who are "currently serving a term for a judgment that includes an enhancement described in subdivision (a)." Under subdivision (c) of section 1172.75, the sentencing court is to "review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a)." "If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (*Ibid*.)

In 2023, the CDCR identified Crawford as a person who was serving a prison term that included an imposed prior prison term enhancement that is no longer valid under section 667.5, subdivision (b). (See § 1172.75, subd. (a).) Crawford then sought recall of his sentence and resentencing under current sentencing rules under section 1172.75.

After reviewing Crawford's criminal record of conviction as required by subdivision (c) of section 1172.75, the trial court determined his "current judgment" does not include a prior prison term enhancement. The court relied in large part on this court's appellate opinion affirming the judgment in Crawford's direct appeal in case No. D033213. In that opinion, this court

3

described the sentencing court as having "dismissed the prior prison term enhancement."[2] The trial court in this matter noted the presumption the appellate court had properly performed its legal duties, which would have included undertaking a review of the record of conviction. Based on this presumption, the trial court concluded the appellate court's description of the 1999 judgment accurately reflected that the sentencing court had "dismissed" or struck in full Crawford's prior prison term enhancement, and not just the punishment associated with the enhancement.

Crawford contends the trial court erred in reaching this conclusion. The premise of his argument relies on the abstract of judgment entered in his case. The abstract of judgment, he explains, includes a prison prior enhancement in the section for enhancements to be demarcated, and it further includes an "S" marked under the column indicating the punishment for the enhancement was being stayed or stricken. Crawford asserts the abstract of judgment reflects that the sentencing court imposed the enhancement and struck only its associated punishment in rendering its judgment in this case. According to Crawford, it is the abstract of judgment that the trial court in this matter should have relied on as accurately reflecting the sentencing court's judgment, not the prior appellate opinion.

Crawford further asserts that even if the trial court properly considered the appellate opinion issued in his direct appeal, other aspects of his record of conviction "establish[ ] that appellant was eligible for resentencing." (Boldface omitted.) In particular, Crawford looks to the sentencing court's oral pronouncement of judgment, as reflected in the reporter's transcript of

---

[2]     We grant Crawford's November 1, 2024 request to augment the record with a copy of this court's prior appellate decision in case No. D033213.

4

the 1999 sentencing hearing.[3] We conclude the reporter's transcript is useful in ascertaining the judgment imposed in 1999, but we disagree with Crawford's interpretation of the meaning of that transcript. Instead of supporting Crawford's position, the reporter's transcript from the sentencing hearing confirms the description of the judgment in this court's prior appellate opinion.

At the 1999 sentencing hearing, the sentencing court orally pronounced judgment, and with respect to the prison prior enhancement it said: "And, finally, as to the first prison prior, the court believes the proper thing is to simply strike it." In Crawford's view, the sentencing court's statement was insufficient to demonstrate it intended to strike the prison prior enhancement in its entirety, as opposed to expressing an intent to strike only the punishment for the enhancement. According to Crawford, because the trial court did "not clearly indicate that the court 'dismissed' or struck [the prison prior enhancement] under section 1385," the oral pronouncement was ambiguous, and therefore this court should "refer to the abstract of judgment to clarify any ambiguity," instead of "relying on [the description of the sentencing court's oral pronouncement as stated in the] appellate opinion" issued in his direct appeal from that judgment.

In considering the effect to give the reporter's transcript of the sentencing court's oral pronouncement of judgment, we adhere to the general rule that the "meaning and effect of a judgment is determined according to the rules governing the interpretation of writings generally." (*People v. Landon White Bail Bonds* (1991) 234 Cal.App.3d 66, 76.) " ' "[T]he entire

---

[3] Crawford sought judicial notice of multiple documents from his underlying case, including the reporter's transcript from the March 26, 1999 sentencing hearing and a more legible copy of the 1999 abstract of judgment. We granted Crawford's request for judicial notice on March 7, 2025.

document is to be taken by its four corners and construed as a whole to effectuate the obvious intention." ' " (*Ibid*.) We do not believe the reporter's transcript establishes that an ambiguity exists in the sentencing court's oral pronouncement of judgment. When the court initially offered its tentative sentencing decision, it stated, "I believe the court's proper role is *to strike* the prior prison *allegation* rather than to stay it." (Italics added.) The court later confirmed that tentative plan by "simply strik[ing] it"—i.e., by striking the "first prison prior." This statement in the court's oral pronouncement of judgment was sufficient to express the court's intention to strike the prison prior *enhancement* in full. There was no need for the sentencing court to specify it was striking the enhancement "in its entirety" or "under section 1385" in order to express the intention to strike the "first prison prior." Rather, if the court was intending to impose the enhancement and strike only the *punishment* associated with that enhancement, it would have indicated such an intention by specifying that it was imposing the enhancement but striking the punishment. Our interpretation of the sentencing court's oral pronouncement of judgment is consistent with this court's prior opinion in case No. D033213, which described the sentencing court as having "dismissed" the prior prison term.

The trial court also noted the abstract of judgment suggested the original sentencing court had imposed the prison prior but had stricken or stayed its punishment. The court therefore ordered the abstract of judgment amended nunc pro tunc to delete any reference to a prison prior enhancement. Contrary to Crawford's assertion, we see no error here.

To the extent the abstract of judgment reflects the imposition of the enhancement and the striking or staying of its associated punishment, the abstract diverges from the sentencing court's oral pronouncement. Generally,

6

when the court's oral pronouncement of judgment and the abstract of judgment conflict, the oral pronouncement prevails. (*People v. Delgado* (2008) 43 Cal.4th 1059, 1070.) This is because the abstract of judgment is not itself the judgment of conviction but merely a summary of the judgment. (*Ibid*.) "Any discrepancy between the judgment as orally pronounced and as recorded in the clerk's minutes or abstract of judgment is presumed to be the result of clerical error." (*People v. Leon* (2020) 8 Cal.5th 831, 855.) We agree this general rule applies here, and the abstract of judgment reflects a clerical error in the recording of the court's judgment. The oral pronouncement of judgment demonstrates the sentencing court struck the prison prior enhancement. And because "[i]t is not open to question that a court has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts" (*In re Candelario* (1970) 3 Cal.3d 702, 705), the trial court acted appropriately in directing the correction of the abstract of judgment to accurately reflect the judgment rendered.

Because we agree with the trial court's interpretation of the meaning and effect of the judgment, we also conclude no prison prior enhancement was imposed on Crawford, rendering him ineligible for relief under section 1172.75. (See *Tang, supra*, 109 Cal.App.5th at p. 1010 [where trial court strikes an enhancement, as opposed to its associated punishment, the enhancement has not been "imposed" within the meaning of section 1172.75, subdivision (a)].)

Lastly, we find no merit in Crawford's additional argument that if this court determines the sentencing court struck his prison prior enhancement under section 1385—a determination we have made—the resulting sentence should be considered "unauthorized." Crawford contends that because his prison prior enhancement was based on the same conviction as his prior

7

serious felony enhancement under section 667, subdivision (a), the sentencing court was prohibited from imposing both enhancements. Rather, according to Crawford, the "appropriate procedure [wa]s to impose but then stay the term for the lesser enhancement." Citing *People v. Brewer* (2014) 225 Cal.App.4th 98 (*Brewer*) and *People v. Lopez* (2004) 119 Cal.App.4th 355 (*Lopez*), Crawford contends the trial court's order to correct the abstract of judgment nunc pro tunc to reflect the striking of the enhancement entirely was "erroneous and unauthorized" because, in his view, the proper procedure is to consider the enhancement stayed. Although Crawford does not expressly say so in this argument, he elsewhere suggests the effect of a determination the prison prior enhancement should be stayed, as opposed to dismissed, would be his eligibility for full resentencing. For example, Crawford cites *Christianson, supra*, 97 Cal.App.5th at page 317, to argue the imposition and staying of his enhancement would entitle him to resentencing. And if Crawford were correct that *Brewer* and *Lopez* require the imposing and staying of his prison prior enhancement, we agree full resentencing would be necessary (see *People v. Rhodius* (2025) 17 Cal.5th 1050, 1068 [holding section 1172.75, subdivision (a) applies to enhancements that were imposed and stayed, in addition to those imposed and executed]).

But Crawford misapprehends *Brewer* and *Lopez*. *Brewer* and *Lopez* held only that a trial court *may* lawfully stay a prior prison term enhancement arising from the same conviction as a prior serious felony enhancement, given the prohibition on imposing the prior prison term enhancement in such a circumstance. (*Brewer, supra*, 225 Cal.App.4th at pp. 104–105; *Lopez, supra*, 119 Cal.App.4th 364–366.) Neither case withdraws a court's discretion to strike a prior prison term enhancement rather than impose and stay it. There is no problem with giving full effect to

the judgment issued by the 1999 sentencing court in this case, as the trial court did here.

## DISPOSITION

The order of the trial court is affirmed.


DO, J.

WE CONCUR:


DATO, Acting P. J.


RUBIN, J.