Filed 11/20/25  P. v. Martinez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085732 |
| v. | (Super.Ct.No. FBA009327) |
| HUGO MARTINEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Enrique Guerrero, Judge.  Affirmed with directions.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

INTRODUCTION

Defendant and appellant Hugo Martinez appeals the trial court's order following a full resentencing hearing pursuant to Penal Code[1] section 1172.75. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), requesting this court to conduct an independent review of the record. We affirm with directions.

PROCEDURAL BACKGROUND

On July 9, 2008, a jury found defendant guilty of assault with a deadly weapon, (§ 245, subd. (a)(1), count 1). {CT 16-17} In a bifurcated proceeding, the trial court found true that defendant had sustained one prior prison term (§ 667.5, subd. (b)), one prior serious felony conviction (§ 667, subd. (a)), and two prior strike convictions (§§ 1170.12, subd. (a)-(d) & 667, subd. (b)-(i)). {CT 18-19} On January 30, 2009, the court sentenced defendant to an indeterminate term of 25 years to life, plus five years for the prior serious felony conviction and one-year term for the prior prison term enhancement, for a total term of 31 years to life in state prison. The court ordered 1031 days of custody credits (955 actual plus 76 conduct). {CT 33-34}

In 2023, the California Department of Corrections and Rehabilitation (CDCR) identified defendant as eligible for resentencing pursuant to section 1172.75. {CT 40, 55} On November 7, 2024, defendant filed a resentencing brief, arguing that the court should exercise its discretion to dismiss his prior strike convictions (*People v. Superior Court*

_____

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

2

(*Romero*) (1996) 13 Cal.4th 497) and the serious prior felony conviction enhancement, as well as the prison prior. {Aug. CT 4-19} The prosecution filed an opposition brief, arguing that it would not be in the furtherance of justice to dismiss defendant's prior strikes or the prior serious felony enhancement. The prosecution noted defendant's extensive criminal history, attached CDCR records of his multiple rule violations while in custody, and argued that he was a danger to public safety. {CT 49-86}

On January 21, 2025, the trial court held a resentencing hearing. The prosecutor acknowledged that the prison prior should be stricken but argued that, given defendant's disciplinary record as well as the facts of the instant case, nothing else should be stricken beyond that. The court stated that it read and carefully considered the papers submitted by both parties. It struck the prison prior under section 1172.75 but decided not to exercise its discretion to dismiss the prior strikes or prior serious felony enhancement, noting that it would not be in the interests of justice to do so and that defendant was a public safety risk. The court then resentenced defendant to 25 years to life on count 1, plus five years for the prior serious felony enhancement, for a total of 30 years to life. The court gave him the same credits as originally awarded (955 actual, plus 76 conduct). {RT 6-9, CT 89-92}

Defendant timely appealed. {CT 95}

DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, setting forth a statement of the case and one

3

potential arguable issue: whether the court abused its discretion in denying his *Romero* motion and/or motion to strike the prior serious felony enhancement. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

However, we note an apparent clerical error. Generally, a clerical error is one inadvertently made. (*People v. Schultz* (1965) 238 Cal.App.2d 804, 808.) Clerical error can be made by a clerk, by counsel, or by the court itself. (*Ibid.* [judge misspoke].) A court "has the inherent power to correct clerical errors in its records at any time so as to make these records reflect the true facts." (*In re Candelario* (1970) 3 Cal.3d 702, 705 .)

The resentencing court here awarded defendant the same number of custody credits as the original sentencing court ordered in 2009 (955 actual plus 76 conduct, for a total of 1031). {CT 33-36, 89-92} The court failed to recalculate the actual time defendant had served pursuant to the sentence for which he was being resentenced and reflect those credits in the amended abstract of judgment. Our Supreme Court determined that when a trial court resentences a defendant on remand, it must credit him with all actual days he spent in custody up to that time, including his time in custody after the original sentencing. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37 ["the trial court, having modified defendant's sentence on remand, was obliged, in its new abstract of judgment, to credit him with all *actual* days he had spent in custody"].) In a footnote,

4

appointed counsel acknowledges that defendant's credits should have been recalculated through the resentencing date, but contends that because the court clerk "did not change the sentencing date on the amended abstract of judgment, the error is likely harmless because the Department already is calculating appellant's credits." {AOB 6} However, in order to ensure defendant receives credit for all the actual time he has served, we will remand the matter for the trial court to recalculate his credits as of the date of the resentencing hearing and order the amended abstract of judgment to reflect the date of the resentencing hearing in the "Date of Hearing" section.

## DISPOSITION

The matter is remanded and the trial court is directed to recalculate the proper amount of custody credits as of the date of the resentencing hearing.

The trial court is directed to prepare an amended abstract of judgment setting forth the modified credits and reflecting the date of the resentencing hearing, and to forward a copy to the Department of Corrections and Rehabilitation. Otherwise, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
J.

We concur:

RAMIREZ _____
P. J.
RAPHAEL _____
J.

5