Filed 10/24/25  P. v. Rasmussen CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TRAVIS JOSEPH RASMUSSEN,<br><br>    Defendant and Appellant. | C099738<br><br>(Super. Ct. No. P21CRF0272) |

Defendant Travis Joseph Rasmussen pleaded guilty to one count of continuous sexual abuse of a minor under the age of 14.  Consistent with the plea agreement, the trial court sentenced defendant to the upper term of 16 years in state prison and issued a 10-year criminal protective order.

1

On appeal, defendant contends (1) we should remove the name of the minor's mother, M.O., from the criminal protective order because she was not a victim of defendant's crimes, and if this contention is forfeited due to trial counsel's failure to object at sentencing, defendant received ineffective assistance; and (2) he is entitled to five days of additional custody credit.

Although defendant did not object to the protective order at sentencing, we will exercise our discretion to address his protective order challenge on the merits. And finding merit in both of his contentions, we will modify the judgment to strike the name of the mother, M.O., from the criminal protective order, and to award defendant 735 days of actual credit and 110 days of conduct credit. We will affirm the judgment as modified and direct the trial court to prepare an amended and corrected abstract of judgment.

## BACKGROUND

Beginning when the minor was 13 years old, and continuing until she turned 14, defendant sexually abused her. At the time, defendant was engaged to be married to M.O., the minor's mother.

Defendant pleaded guilty to continuous sexual abuse of a child under the age of 14 (Pen. Code, § 288.5, subd. (a) -- count 1)[1] and admitted five aggravating circumstances. As part of the plea agreement, defendant agreed that the trial court would sentence him to the upper term of 16 years in state prison, order him to register under section 290, and issue a 10-year criminal protective order. The plea form did not indicate that the mother, M.O., would be named on the protective order.

At the change of plea hearing, among other things, the trial court stated:

---

[1] Undesignated statutory references are to the Penal Code.

2

"THE COURT: . . . You will be required to register pursuant to [section 290] and then there's a criminal protective order that's being requested by the People. Are there any issues of restitution the Court needs to reserve over?

"[Prosecutor]: Yes.

"THE COURT: Okay. And the individuals?

"[Prosecutor]: It would be [M.O.]. And the minor victim . . . .

"THE COURT: So [M.O.] is not a minor?

"[Prosecutor]: She's the mother of the named victim."

Later, at the sentencing hearing, the trial court sentenced defendant, consistent with the plea agreement, to the 16-year upper term. The prosecutor had prepared the criminal protective order and shared it with defense counsel. The trial court explained the terms of the proposed protective order to defendant, stating, among other things: "The order will be effective for a period of 10 years from today's date. . . . The protected parties are [the minor] and [the mother M.O.]. [¶] . . . [¶] Do you understand the order that the Court is issuing today?" Defendant responded "Yes, Your Honor." Defendant and his counsel did not object to the mother being included on the protective order.

DISCUSSION

I

Defendant asserts that the mother, M.O., is not a victim of his crimes and should not be named on the protective order. He adds that this court should address the issue even though he did not obtain a certificate of probable cause and did not object to the inclusion of mother's name, because it is an unlawful sentence, it presents a pure question of law, and defendant's trial counsel rendered ineffective assistance by not objecting.

The People counter that defendant's challenge to the protective order is not cognizable on appeal because the protective order was part of the plea agreement, the mother's name was mentioned at the plea hearing, and defendant did not obtain a

3

certificate of probable cause. We agree that the plea form expressly mentioned a criminal protective order, but it did not mention that the mother would be one of the protected individuals. We also agree that the mother's name was mentioned at the plea hearing, but the reference came after the trial court asked about restitution. The People have not established that the plea agreement encompassed an understanding that the mother would be included on the protective order.

Given the totality of the circumstances and to forestall defendant's claim of ineffective assistance of counsel (*People v. Walt*s (2025) 112 Cal.App.5th 127, 140 (*Walts*)), we will exercise our discretion to address the merits of defendant's challenge to the protective order.

Section 136.2, subdivision (i)(1) authorizes a protective order for up to 10 years against a convicted criminal defendant. (§ 136.2, subd. (i)(1); *People v. Lopez* (2022) 75 Cal.App.5th 227, 236-237.) It provides in relevant part: "When a criminal defendant has been convicted of a crime involving domestic violence [as defined in enumerated statutes] . . . or a crime that requires the defendant to register [as a sex offender] pursuant to subdivision (c) of Section 290, the court, at the time of sentencing, shall consider issuing an order restraining the defendant from any contact with a victim of the crime." (§ 136.2, subd. (i)(1).) As relevant here, section 136, subdivision (3) defines a "victim" as a person against whom there is reason to believe a crime is, or has been, perpetrated or attempted to be perpetrated. "Accordingly, a postconviction protective order under section 136.2[, subdivision ](i)(1) is authorized if: (1) the defendant has been convicted of one (or more) of the statutorily enumerated crimes; and (2) 'the protected person qualifies as a " ' "victim" ' " of said crime(s).' " (*Walts, supra*, 112 Cal.App.5th at pp. 139; see *id.* at p. 143.) Here, the crime to which defendant pleaded guilty was the continuous sexual abuse of a child under the age of 14. (§ 288.5, subd. (a).) The mother is an adult and could not be a defined "victim" of that particular crime. (*Walts,* at pp. 142-143.) We will strike her name from the protective order.

4

## II

Defendant also argues the judgment inaccurately reflects 730 days of custody credit instead of 735, and 109 days of conduct credit instead of 110.  The People agree.  The People also assert that the abstract of judgment must be corrected.  They note that the box in section 1 of the abstract identifying the conviction as a violent felony, and the box in the credit section of the abstract referencing section 2933.1, both should have been checked.  We agree.

According to the probation report, defendant was arrested on June 10, 2021, and released on June 14, 2021.  He was rearrested on September 9, 2021, and remained in custody until September 8, 2023.  In calculating his days of credit, the trial court awarded defendant 730 days of actual credit and 109 days of local conduct credit, but it did not account for the five prior days of custody.  The total number of days in custody was actually 735 days, and that results in 110 days of conduct credit at 15 percent under section 2933.1, subdivision (a).  We will modify the judgment accordingly.

In addition, the abstract of judgment requires correction.  It does not indicate that defendant's conviction under section 288.5 is a violent felony (§ 667.5, subd. (c)(16)), or that defendant's presentence credit is limited to 15 percent (§ 2933.1 subd. (a)).  We have the inherent power to correct clerical errors so that the record reflects the true facts.  (*In re Candelario* (1970) 3 Cal.3d 702, 705.)  We will direct the trial court to correct the abstract of judgment by checking the box for a violent felony in section 1, and by checking the box for section 2933.1 in the conduct credit section.

### DISPOSITION

The judgment is modified to strike the name of the mother, M.O., from the criminal protective order, and to award defendant 735 days of actual credit and 110 days of conduct credit.  The judgment is affirmed as modified.  The trial court is directed to prepare an amended and corrected abstract of judgment reflecting the judgment as modified, checking the box for a violent felony in section 1 of the abstract, and checking

5

the box for section 2933.1 in the conduct credit section.  The trial court shall forward a certified copy of the amended and corrected abstract of judgment to the Department of Corrections and Rehabilitation.



                                                    /S/

                                                  MAURO, Acting P. J.


We concur:



     /S/

BOULWARE EURIE, J.



     /S/

MESIWALA, J.