Filed 12/31/25  P. v. Upchurch CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br>WILLIAM UPCHURCH,<br><br>    Defendant and Appellant. | A171377<br><br>(City & County of San Francisco<br>Super. Ct. No. CRI-751520) |

### MEMORANDUM OPINION[1]

This appeal follows a resentencing hearing pursuant to Penal Code[2] section 1172.75 and solely concerns errors in the abstract of judgment that both parties agree should be corrected.

In 1985, a jury convicted defendant William Upchurch of robbery of an inhabited dwelling (§ 213.5; count one), kidnapping to commit robbery (§ 209, subd. (b); count two), and assault with force likely to cause great bodily injury (§ 245, subd. (a); count three).  Two prior prison terms and a prior serious felony were also found true.  (§§ 667.5, subd. (b); 667, subd. (a).)  The trial court sentenced Upchurch to a prison term of life for count two (§ 209, subd. (b)(1)), plus consecutive terms of four years for count three, two years for the

---

[1] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1(1).

[2] Undesignated statutory references are to the Penal Code.

1

prison priors, and five years for the prior serious felony. The court stayed the sentence for count one.

In 2022, Upchurch petitioned the court for resentencing under section 1172.75, which generally invalidates sentence enhancements imposed under section 667.5, subdivision (b). (§ 1172.75, subd. (a).) Section 1172.75 also authorizes courts to "apply any other changes in law that reduce sentences or provide for judicial discretion" in resentencing a defendant. (*Id.*, subd. (d)(2).) Accordingly, Upchurch requested that the court resentence him by striking the prior prison term enhancements and, based on amendments to sections 209 and 1385, striking the prior serious felony enhancement, suspending the imposition of his state prison sentence, and granting him probation. Alternatively, he requested that the court resentence him to a determinate term and place him on parole.

At the hearing on the petition, the trial court struck the three enhancements and orally imposed a concurrent four-year term for count three. The court declined to grant Upchurch further relief, thereby leaving in place his life sentence for count two and the stayed sentence for count one.

Following the hearing, the abstract of judgment was amended in a manner that does not accurately reflect Upchurch's convictions and the trial court's oral pronouncement at the hearing. First, the amended abstract of judgment reflects that the court resentenced Upchurch to a concurrent four-year term for count one instead of for count three. Second, the amended abstract of judgment does not reflect that the sentence for count one was stayed. Finally, the amended abstract of judgment erroneously describes Upchurch's conviction for count two as "kidnapping to commit another crime" under section "209(b)(1)."

Upchurch appeals, seeking amendment of the abstract of judgment so that it accurately reflects the trial court's oral pronouncement and correctly describes his conviction for count two. The People agree, as do we. (See *People v. Zackery* (2007) 147 Cal.App.4th 380, 389 ["[r]endition of the judgment is normally an oral pronouncement, and the abstract of judgment cannot add to, or modify, the judgment, but only purports to digest and summarize it"]; *In re Candelario* (1970) 3 Cal.3d 702, 705 ["a court has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts"], abrogated by statute on other grounds as stated in *People v. Turner* (1998) 67 Cal.App.4th 1258, 1268.) Accordingly, we direct the trial court on remand to amend the abstract of judgment to correctly describe the court's oral pronouncement of sentencing and Upchurch's convictions. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 186–187 [concluding that appellate courts can correct clerical errors in the abstract of judgment on its own motion or upon request from the parties].)

## DISPOSITION

The judgment is affirmed. On remand, the abstract of judgment must be modified to reflect that: (1) defendant was convicted in count two of "Kidnapping to Commit Robbery" in violation of Penal Code section "209(b)"; (2) a concurrent term of four years was imposed for count three; and (3) the sentence for count one was stayed. The trial court is directed to amend the abstract of judgment to reflect these modifications and to send a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

3

_____
LANGHORNE WILSON, J.

WE CONCUR:


_____
BANKE, Acting P. J.


_____
SMILEY, J.


*People v. Upchurch / A171377*